## JOHN J. FORD *vs.* ROSARIO SQUATRITO (JOHN SHANNAHAN).

First Judicial District, Hartford, March Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An action to recover damages for personal injuries from the bite of a dog is one founded on tort, and therefore within the provisions of chapter 97 of the Public Acts of 1907, prescribing that the costs recoverable in certain cases shall not exceed the damages.

Submitted on briefs March 4th—decided April 17th, 1913.

ACTION to recover damages for personal injuries alleged to have been caused by the bite of a dog owned by the defendant, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the plaintiff for $5 damages, and appeal by the plaintiff from the refusal of the trial court—affirming the action of the clerk—to tax costs in excess of the damages awarded. *No error.*

*John J. Dwyer*, for the appellant (plaintiff).

*James J. Quinn*, for the appellee (defendant).

PER CURIAM. The common law cast upon the owner of a vicious dog the duty of controlling the animal so that it would do no damage; and for the breach of that legal duty the owner was liable in tort in an action of trespass on the case. Since May, 1798, our statute law has laid the same duty on the owner of any dog, whether vicious or not. General Statutes, § 4487. The remedy for a breach of that duty has always been in tort, and, before the Practice Act, by an action on the case. 2 Swift's Digest, 456.

The costs were correctly taxed under § 769 of the General Statutes as amended by chapter 97 of the Public Acts of 1907.

There is no error.